# United States District Court
# Central District of California

| | |
|---|---|
| TINA KALAJIAN, individually and on behalf of a class of similarly situated individuals,<br><br>     Plaintiff,<br><br>  v.<br><br>RITE AID CORPORATION, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>     Defendants. | Case No. 2:17-cv-06777-ODW-AGR<br><br>**ORDER GRANTING JOINT MOTION TO STAY CASE [17]** |

## I. INTRODUCTION

Tina Kalajian ("Plaintiff"), on behalf of herself and all others similarly situated, filed a suit against Rite Aid Corporation ("Defendant") on September 14, 2017, for improperly advertising, marketing, and selling an "aloe vera gel" without a detectable level of aloe vera. (Compl. ¶ 20, ECF No. 1.) Another case is currently pending in the Northern District of Illinois and involves similar issues. *See Beardsall v. CVS Pharmacy, Inc.*, No. 1:16-cv-06103 (N.D. Ill. June 10, 2016). The parties jointly request to stay this action in its entirety for six months in order to allow the *Beardsall*

court to rule on class certification and the *Beardsall* parties to complete fact and expert discovery. (Mot. Stay 3, ECF No 17.) For the following reasons, the Court **GRANTS** the parties' Joint Motion to Stay this litigation for all purposes until six (6) months from the date of this order.[1]

## II. FACTUAL BACKGROUND

Plaintiff alleges, on behalf of a class, that Rite Aid Renewal After Sun Gel purports and advertises itself as containing aloe vera, but independent laboratory tests show Defendant's product contains no actual aloe vera. (Compl. ¶¶ 2–3.) Plaintiff alleges claims for Breach of Express Warranty; Violations of the Consumers Legal Remedies Act; Violations of the False Advertising Act; and Unlawful, Unfair and Fraudulent Business Acts and Practices. (*Id.* ¶¶ 56–89); *see* Cal. Comm. Code § 2313; Cal. Civ. Code § 1750 *et seq.*; Cal. Bus. & Professions Code §§ 17200, *et seq.*; 17500, *et seq.*

*Beardsall* is a class action against CVS Pharmacy, Inc., Walgreen Co., Target Corp., Wal-Mart Stores, Inc., and Fruit of the Earth, Inc. (Declaration of Andrew J. Peterson ("Peterson Decl."), Ex. A ¶¶ 45–49, ECF No. 17-2.) Like Rite Aid here, the retailer defendants in the *Beardsall* action are also alleged to have sold aloe vera products that do not have a detectable amount of aloe vera. (*Id.* ¶¶ 3–7.)

In both actions, the plaintiffs rely on independent laboratory testing that revealed an absence of acemannan, the key compound in aloe vera. (*Id.* ¶ 102; Compl. ¶ 22, 24.) The parties here contend that the discovery conducted in *Beardsall*, especially the expert opinions gathered, will affect the outcome of this litigation, which they maintain involves complex scientific issues. (Mot. Stay 1.) The *Beardsall* court has ordered that class certification, Daubert, and dispositive motions be filed with the court by May 11, 2018. (*Beardsall* Min. Order, No. 1:16-cv-06103, ECF No.

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Furthermore, since the parties request this stay jointly, there is no opposition for the Court to consider.

143.)  In contrast, Defendant has not yet filed a response to the initial complaint in this case.

Recognizing that the *Beardsall* action is further progressed and addresses many of the same "complex scientific issues present in the instant action," the parties jointly move the Court to stay this action for six months.  (Joint Mot. 4, ECF No. 17.)

### III.  LEGAL STANDARD

"The power to stay proceedings is incidental to the power in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 29 U.S. 248, 254 (1936).  The Court exercises its discretion in making such determinations, weighing competing interests, and seeking to maintain an even balance.  *See id.* at 254–55.  This exercise of discretion includes an ability to stay a case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64.

### IV.  DISCUSSION

To determine whether a stay should be granted, the Court considers (1) the possible damage resulting from a stay; (2) the hardship or inequity which a party may suffer if required to go forward; and (3) the orderly course of justice, as measured by whether the stay will simplify or complicate issues, proof, and questions of law. *Pamintuan v. Bristol-Myers Squibb Co.*, No. 16-CV-00254-HSG, 2016 WL 4319844, at *1 (N.D. Cal. July 14, 2016) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  In this case, the balance of interests supports staying the proceeding since all three of these factors weigh in favor of granting a stay.

**A.    Potential Damage Caused by Stay**

To determine any potential damage the stay could cause, the Court considers whether the delay would cause harm to the merits of the claim or any loss of evidence. *Wilson v. Frito-Lay N. Am.*, *Inc.*, No. 12-CV-1586 SC, 2015 WL 4451424, at *2 (N.D. Cal. July 20, 2015). Neither party foresees any risk of prejudice in the instant action. (Joint Mot. 6.) Plaintiff alleges no concerns regarding loss of witnesses, and there is no indication of any other potentially lost evidence, given the short, six-month stay. Rather, the *Beardsall* case may lead to additional scientific opinion that could streamline this case, saving time and money for all involved. (*Id.*) Thus, this factor weighs in favor of granting a stay.

**B.     Potential Hardship of Going Forward**

Courts also evaluate the hardship that would exist if the stay is *not* granted— namely, whether a denial of the stay would lead to poor use of judicial resources or unnecessarily duplicative discovery efforts. *See Tawnsuara Grp., LLC v. Maximum Human Performance, LLC*, No. CV 12-07189 SJO (AGRx), 2013 WL 12138687, at *3 (C.D. Cal. Oct. 3, 2013). Much of the discovery in the *Beardsall* case is equivalent to the discovery and expert opinion necessary in this case. (*See* Joint Mot. 6.) Both center on products claiming to feature "aloe vera"-based ingredients, and both require additional research to determine whether: 1) aloe vera is actually present in the product; and 2) this finding impacts the product market. (*See id.* ¶¶ 28–31; *Beardsall* Second Amended Complaint ("*Beardsall* SAC") ¶¶ 100–13, No. 1:16-cv-06103, ECF No. 90.) Moreover, this case requires consideration of issues closely related to those in the *Beardsall* litigation with regard to both liability and remedies. (*See* Joint Mot. 5.) To consider these as novel issues when they are already being considered by the *Beardsall* court would be an ineffective use of time and resources. Thus, this factor also supports a stay.

**C.     Orderly Course of Justice**

The third and final factor also weighs heavily in favor of granting a stay. A stay should be granted where it supports the interest of justice by "prevent[ing]

unnecessary complication." *Coker v. Dowd*, No. 2:13-cv-0994-JCM-NJK, 2013 WL 12216682, at *1 (D. Nev. July 8, 2013). Resolution of proceedings in a case that provides "clear guidance largely…on point to help . . . simplify complex issues of law and adequate proof" is precisely the type for which stay should be granted. *Wilson*, 2015 WL 4451424, at *2.

The parties jointly assert that "[s]taying this case would promote the orderly course of justice by helping to simplify complex scientific issues in the action." (Joint Mot. 5, ECF No. 17.) Allowing for *Beardsall* to further progress would inform and streamline this litigation by reference to the rulings, arguments, and scientific analyses from that action. (Joint Mot. 5.) Both cases center on the level of acemannan, aloe vera's definitive compound, in the products at issue. (Compl. ¶ 22; Peterson Decl., Ex. A ¶ 102, ECF No. 17-2.) Because the *Beardsall* action has further progressed and will likely address issues of class certification, summary judgment, and expert testimony within the next six months, the findings and decisions reached in *Beardsall* will be informative to the parties here. (Joint Mot. 5–6.) This would provide beneficial context for the scientific issues to be addressed and help to avoid the potential of duplicative or moot litigation. (*Id.*) Accordingly, this factor also weighs heavily in favor of granting the stay.

///
///
///
///
///
///
///
///
///
///

///
///
///

## V.    CONCLUSION

Having read and reviewed the parties' Motion to Stay (ECF No. 17), and finding good cause therefore, the Court **GRANTS** the parties' Motion, and **STAYS** this case in its entirety until **September 7, 2018**.  The Court **ORDERS** the parties to file joint status reports as to the progress of *Beardsall*, explaining to the Court the need to maintain the stay in this action every 60 days, until such time as the *Beardsall* matter concludes, or a stay no longer serves the interests of justice.

**IT IS SO ORDERED.**

March 7, 2018

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**